**BLACKJACK BONDING, INC.,
Plaintiff—Appellant,**

v.

**CLARK COUNTY, et al., Defendants—
Appellees.**

No. 01–15233.
D.C. No. CV–99–01325–PMP.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 11, 2002.

Decided Jan. 14, 2003.

Before NOONAN, BERZON and TALLMAN, Circuit Judges.

MEMORANDUM *

Blackjack Bonding, Inc. ("Blackjack") brought this action due to its suspension from posting bail bonds in the Justice Court of Las Vegas Township. The Justice Court suspended Blackjack after the corporation, despite multiple notices, did not pay the forfeited bonds of several defendants who failed to appear at scheduled hearings. The district court denied summary judgment to Blackjack and granted the Justice Court's summary judgment motion. We affirm the district court's order. As the parties are familiar with the facts, we discuss only those necessary to our analysis.

Blackjack signed all of the bonds at issue as "Principal" and therefore agreed to pay the bonds in the event that the defendants concerned absconded. Blackjack admits that at the time of suspension it had not paid or otherwise satisfied the bonds. Under Nevada law, the Justice Court has inherent discretion to administer its affairs. *See Blackjack Bonding v. City of Las Vegas Mun. Court*, 116 Nev. 1213, 14 P.3d 1275, 1280 (Nev. 2000) ("[I]n giving municipal courts general jurisdictional power over bail and property bonds, the Legislature also granted by implication every power necessary for municipal courts to exercise that power...."). That discretion necessarily includes refusing to deal with entities that promise to make payments but do not, until the payments are made or the court is satisfied that they were not due.

We have considered all of Blackjack's arguments and find them to be without merit. Blackjack did not fulfill its contractual obligations and was justifiably suspended. Blackjack therefore had no property interest at issue, and no further process was due.

**AFFIRMED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

